J-S65017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE ANGEL RAMIREZ, | |
| Appellant | No. 2637 EDA 2014 |

Appeal from the PCRA Order August 15, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0001184-2008

BEFORE:  BENDER, P.J.E., SHOGAN, and JENKINS, JJ.

MEMORANDUM BY SHOGAN, J.:  **FILED NOVEMBER 16, 2015**

Jose Angel Ramirez ("Appellant") appeals *pro se* from the August 15, 2014 order denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

Appellant pled guilty to third degree murder for the December 9, 2007 stabbing death of Roger Guzman.  This Court summarized the facts and procedural history underlying Appellant's convictions in our disposition of Appellant's direct appeal.  ***Commonwealth v. Ramirez***, 2185 EDA 2008, 6 A.3d 558 (Pa. Super. filed July 13, 2010) (unpublished memorandum at 1–2).  The panel affirmed Appellant's judgment of sentence.  ***Id.*** at 7. Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

The PCRA court updated the procedural history as follows:

On June 29, 2011, Appellant filed a *pro se* PCRA petition. In that petition, Appellant raised what this court addressed as (5) issues: 1) voluntary intoxication as a meritorious defense; 2) trial counsel unlawfully induced him to plea[d] guilty because he did not have any rights as an illegal immigrant[;] 3) his sentence should have been lower because he had a gravity score of zero; 4) his sentence should have been lower because he came from a broken family which led him to abuse alcohol and drugs[;] and 5) he was told he would receive a lower sentence. The court appointed Joseph J. Hylan, Esquire to represent Appellant. Following his thorough review of the file, Attorney Hylan petitioned to withdraw as counsel and filed a "no-merit" letter pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) ("*Turner/Finley*"), on October 11, 2011. Attorney Hylan explained in his letter to Appellant that Appellant retained the right to continue his pursuit of PCRA relief by obtaining private counsel or proceeding *pro se*.

On May 30, 2013, Appellant filed a *pro se* Motion to Modify and Reduce Sentence. In his motion, Appellant explained that he had filed a direct appeal and subsequent PCRA petition "in an effort to have the imposed sentence modified". (Motion to Modify and Reduce Sentence, filed 5/30/13, at 1). Appellant also stated that he had "from the outset expressed remorse as is evidenced by his pleading of guilty". (*Id.* at 2).

Following the undersigned's own independent review of the record and the relevant law, the court issued its Notice Pursuant to Pa.R.Crim.P. 907(1). The Notice informed Appellant of the court's intention to dismiss his petition without a hearing. After addressing the merits of Appellant's claims, the court included a section in the Notice which notified Appellant that he must respond to the proposed dismissal within twenty (20) days, after which the court would determine whether his petition should be dismissed or whether further proceedings were necessary. (Notice Pursuant to Pa.R.Crim.P. 907(1), filed 7/15/14, at 19–20). Appellant did not file a response. The undersigned issued an order dismissing Appellant's PCRA petition without a hearing on August 15, 2014. In that order, the court also granted Attorney Hylan's petition to withdraw as Court-Appointed Counsel for Appellant. (Order docketed 8/15/14).

Appellant filed a notice of appeal *pro se* on September 9, 2014,[2] docketed on September 11, 2014. This court entered an order on September 15, 2014, directing Appellant to file a Concise Statement of the Errors Complained of on Appeal ("concise statement") within twenty-one (21) days of the order. Appellant filed a concise statement on September 25, 2014.

> [2] For purposes of timeliness, the Prisoner Mailbox Rule provides that Appellant's notice is deemed filed on the day of mailing. *See Commonwealth v. Chambers*, 35 A.3d 34, 38 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012) (citation omitted).

PCRA Court Opinion, 4/22/15, at 2–4.

Appellant presents the following questions for our consideration:[1]

(1) Was the guilty plea in the instant matter unknowing, involuntary, and unintelligently entered given the fact that all of the consequences of the plea were not presented to the Appellant, most significantly that the Appellant would face deportation as a result of the conviction?

(2) Was court appointed counsel ineffective given the fact that he participated in and facilitated an invalid guilty plea?

(3) Was PCRA counsel ineffective given the fact that he merely copied the *pro se* petition, failed to amend the petition in any way, failed to request an evidentiary hearing, failed to engage in a dialogue with the Appellant to better understand the petition, and for failing to perfect and advance the claim of an invalid, unknowing plea[?]

(4) Did the trial court err by dismissing the PCRA petition without an evidentiary hearing, thereby depriving Appellant of the opportunity to present testimony in support of the petition?

Appellant's Brief at 7.

_____

[1] We have renumbered Appellant's issues for ease of disposition.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014). Moreover, the PCRA court's credibility determinations, when supported by the record, are binding on this Court. **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011).

In order to obtain collateral relief, a PCRA petitioner must establish by a preponderance of the evidence that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). Instantly, Appellant asserted in his *pro se* PCRA petition the existence of ineffective assistance of counsel ("IAC") pursuant to 42 Pa.C.S. § 9543(a)(2)(ii).

We remind Appellant that *pro se* status confers no special benefit upon an appellant. **Commonwealth v. Blakeney**, 108 A.3d 739, 766 (Pa. 2014), *cert. denied*, 135 S.Ct. 2817 (2015). "[A] *pro se* litigant must

comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Commonwealth v. Lyons***, 833 A.2d 245, 251–252 (Pa. Super. 2003) (citation omitted); ***Commonwealth v. Williams***, 896 A.2d 523, 534 (Pa. 2006). Also, an issue is waived if the appellant "could have raised it but failed to do so before trial, at trial, . . . on appeal or in a prior state post-conviction proceeding." ***Commonwealth v. Fears***, 86 A.3d 795, 803–804 (Pa. 2014) (citation omitted); 42 Pa.C.S. § 9544(b).

In his first two issues, Appellant complains that his guilty plea was unknowing and that defense counsel was ineffective because he allowed Appellant to enter an invalid guilty plea. In support of his assertion that his plea was unknowing, Appellant relies on ***Padilla v. Kentucky***, 559 U.S. 356 (2010), in which the United States Supreme Court opined that "counsel must advise [a] client regarding the risk of deportation." ***Id.*** at 367; Appellant's Brief at 11. Claiming that defense counsel failed to advise him "that he would face deportation as a result of the plea," Appellant argues that counsel's assistance was ineffective. Appellant's Brief at 11.

The PCRA court disposed of Appellant's plea challenge and derivative IAC claim as follows:

> Appellant asserts for the first time that he did not knowingly, voluntarily or intelligently enter into his guilty plea for "various reasons". In particular, he asserts he was not informed of the consequences of doing so, not the least of which is the fact that he faced deportation as a result of his conviction. Because of this, Appellant posits his trial counsel was ineffective. Appellant has waived these issues.

Our appellate courts have made clear that issues not raised before the trial court are waived. Pa.R.A.P. 302(a).

* * *

In addition, "where the petitioner does not seek leave to amend his petition after counsel has filed a *Turner/Finley* no-merit letter, the PCRA court is under no obligation to address new issues." *Rigg*, [84 A.3d] at 1085 (citing *Rykard*. . .).

* * *

In the case *sub judice*, Appellant did not file a motion to withdraw his guilty plea. While a claim for ineffective trial counsel would ordinarily not be heard on direct appeal,[5] Appellant failed to raise this issue before the PCRA court in either his PCRA petition or in response to the Court's Notice Pursuant to Pa.R.Crim.P. 907(1) of Intention to Dismiss without a Hearing. Nor did Appellant request to amend his petition before the court entered its final order on August 15, 2014.

> [5] *See Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002) (determining claims of trial counsel ineffectiveness should be deferred until PCRA review).

This court also notes that the United States Supreme Court decided the seminal case involving a noncitizen defendant's right to be adequately informed of the possibility of deportation on March 31, 2010. *See Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). Instantly, the Superior Court panel rendered its decision on July 13, 2010. Appellant did not file a petition for permission to appeal to the Pennsylvania Supreme Court. Therefore, Appellant's judgment became final on August 12, 2010. Appellant may not now claim ineffective assistance of trial counsel for the first time on appeal from the dismissal of his petition under the PCRA based on case law decided prior to his final judgment. Consequently, for all of these reasons, it is the undersigned's opinion that Appellant has waived this issue on appeal.

PCRA Court Opinion, 4/22/15, at 7-10.

Upon review, we find support in the record for the trial court's findings, and we conclude that its ruling is without error. Contrary to Appellant's assertion, the guilty plea and IAC claims he raises on appeal were not "raised on the face of the PCRA petition." Appellant's Brief at 12. Rather, Appellant merely checked the first three bases for collateral relief on the form petition, the language of which is drawn from 42 Pa.C.S. § 9543(a)(2)(i-iii). PCRA Petition, 6/29/11, at § 4. Although Appellant listed "unlawfully induced to plead guilty" as a matter to be asserted on appeal, he did not provide any details or specific averments regarding the validity of his guilty plea or the ineffectiveness of counsel's representation. PCRA Petition, 6/29/11, at § 5(c). In fact, the relief Appellant expressly sought in filing the petition was "modification of sentence." PCRA Petition, 6/29/11, at § 11.

Additionally, the record confirms that Appellant did not preserve his plea challenge by filing a motion to withdraw his plea or petitioning for allowance of appeal to the Pennsylvania Supreme Court. Moreover, Appellant did not preserve his IAC claim by seeking leave of the PCRA court to amend his petition or responding to the PCRA court's Pa.R.Crim.P. 907 notice of intent to dismiss. Because Appellant did not preserve a challenge to his guilty plea and defense counsel's representation in the trial and PCRA courts, we agree that he has waived his first two issues on appeal. *Fears*, 86 A.3d at 803–804; 42 Pa.C.S. § 9544(b).

Appellant's third issue challenges PCRA counsel's representation as ineffective. Appellant's Brief at 15. According to Appellant:

> PCRA counsel's "review of the court file, including the testimony of the guilty plea hearing" should have revealed that the Appellant speaks Spanish and does not understand English well enough to articulate his claim. Of course the Record clearly establishes that the trial court was aware of this fact as evidenced by the appointment of a translator to assist during the guilty plea colloquy.
>
> It is clear that had PCRA counsel attempted to communicate with the Appellant he would have realized that a translator was necessary. Moreover, the trial court's failure to appoint a translator when the Record reflected the need for one, does constitute an abuse of discretion.

Appellant's Brief at 16.

Upon review, we conclude that Appellant's argument is inherently inconsistent and waived. In disposing of Appellant's IAC claim against PCRA counsel, we adopt as our own the PCRA court's well-reasoned analysis, which is supported by the record and without legal error. The PCRA court opined as follows:

> Appellant protests that PCRA counsel provided ineffective assistance, in essence because counsel found no merit to Appellant's petition. Appellant complains that counsel failed to amend his petition,[6] failed to request an evidentiary hearing, failed to engage in a dialogue with Appellant to gain a better understanding of the petition and failed to advance his claim of an invalid, unknowing plea. Appellant has waived [this] . . . issue.
>
> > [6] The court also notes that Attorney Hylan did more than simply copy the petition as proffered by Appellant. Specifically, Counsel "reviewed the *pro se* petition…the court file, including the testimony of the guilty plea hearing…and the Superior Court's

- 8 -

memorandum opinion. He researched the applicable law. He went beyond the scope of the petition to determine if there were any issues, legal or factual, that Appellant and Appellant's counsel may have overlooked." (Counsel's *Turner*/*Finley* Letter, dated October 11, 2011). Counsel provided a thorough review of the case as well as a detailed *Turner*/*Finley* Letter.

Well-settled Pennsylvania law provides that claims of ineffective assistance of PCRA counsel may not be raised for the first time on appeal. . . [A] claim of ineffective assistance of PCRA counsel must be raised upon notice of the PCRA court's intent to dismiss the case without a hearing or before the PCRA court has issued its final order.[7] [*Commonwealth v.*] *Henkel*, [90 A.3d 16 (Pa.Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (2014)]. The *Henkel* Court also noted that it is especially important to raise a claim of PCRA counsel ineffectiveness before the PCRA court has entered its order dismissing the petition where PCRA counsel has filed a *Turner*/*Finley* no-merit letter and requested to withdraw. *Id.* at 25–26 (citing and analyzing *Commonwealth v. Pitts*, 603 Pa. 1, 981 A.2d 875 (2009)). Otherwise the claim is waived. *Id.* at 26; *accord* [*Commonwealth v.*] *Ford*, [44 A.3d 1190, 1198 (Pa. Super. 2012)]. *Cf. Rykard*, *supra* at 1182, 1189 (finding claims preserved where *pro se* appellant requested stay of proceedings after receiving Rule 907 Notice and filed a response raising ineffective assistance of PCRA counsel claims before entry of final order).

[7] Other alternatives include a timely second PCRA petition or a serial petition if the petitioner can demonstrate one of the three exceptions to the time bar. *Henkel*, *supra* at 27–28 (citing *Commonwealth v. Jette*, 611 Pa. 166, 23 A.3d 1032, 1044 n.14 (2011)).

Here, Attorney Hylan mailed and filed a detailed and thorough *Turner*/*Finley* letter on October 11, 2011. Although Appellant subsequently filed a *pro se* Motion to Modify and Reduce Sentence in which he asked for a lesser sentence, the Motion is devoid of any complaints concerning PCRA Counsel. Moreover, Appellant failed to file a response to this court's Notice Pursuant to Pa.R.Crim.P. 907(1) of Intention to Dismiss PCRA

Petition without a Hearing. Accordingly, Appellant has waived [this] claim.

PCRA Court Opinion, 4/22/15, at 10–12.

Lastly, we address Appellant's claim that the PCRA court erred in dismissing his petition without a hearing. Appellant's Brief at 9. According to Appellant, "the Commonwealth did not concede to the facts in the Petition or the Appellant's entitlement to relief, therefore, an evidentiary hearing was required so the Appellant could establish his claim." *Id.* The Commonwealth counters by citing Pa.R.Crim.P. 907(1) for the proposition that the PCRA court "may deny a PCRA petition without an evidentiary hearing if the defendant's claims are meritless on their face and further proceedings would serve no purpose." Commonwealth's Brief at 6. We agree.

> Where a PCRA petition does not raise a "genuine issue of material fact," the reviewing court is not required to hold an evidentiary hearing on the petition. *Commonwealth v. Clark*, 599 Pa. 204, 212, 961 A.2d 80, 85 (2008); Pa.R.Crim.P. 909(B). Thus, to entitle himself to a hearing, an appellant must raise an issue of fact, which, if resolved in his favor, would justify relief. *Commonwealth v. D'Amato*, 579 Pa. 490, 513, 856 A.2d 806, 820 (2004) (citations omitted).

*Commonwealth v. Simpson*, 66 A.3d 253, 260-261 (Pa. 2013). Where the PCRA court concludes that a petition does not raise any genuine issues of material fact, and dismisses it without a hearing, we review for an abuse of discretion. *Id.* (citing *Commonwealth v. Collins*, 888 A.2d 564, 579 (Pa. 2005)).

- 10 -

Here, the PCRA court disposed of Appellant's challenge with the following analysis:

> Instantly, Appellant first complains the he was denied the opportunity to present testimony in support of his petition because the PCRA court dismissed his petition without a hearing. Appellant does not specify whose testimony or what testimony he would have presented.[3] Regardless, Appellant's assertion warrants no relief.
>
> > [3] As part of the form PCRA petition that Appellant filed in this matter, a section is available for requesting an evidentiary hearing and for listing the witnesses the petitioner would call to testify. (PCRA Petition, filed 6/29/11, Section 12, at 6). Appellant left that section blank. (*Id.*).
>
> * * *
>
> Instantly, neither Attorney Hylan nor this court on independent review could discern a genuine issue of material fact which would entitled Appellant to relief.[4] Accordingly, the undersigned issued a Rule 907(1) Notice of intent to dismiss without a hearing. The court explained that Appellant had twenty (20) days within which to respond, after which the court would make a final determination as to whether further proceedings were necessary. (Notice Pursuant to Pa.R.Crim.P. 907(1), filed 7/15/14, at 19–20). Appellant failed to respond. Hence, this claim must fail.
>
> > [4] *See* Notice Pursuant to Pa.R.Crim.P. 907(1), filed 7/15/14, at 10–19.

PCRA Court Opinion, 4/22/15, at 6–7.

Having considered the record in the light most favorable to the Commonwealth as the prevailing party, we conclude that the evidence of record supports the conclusions of the PCRA court and that its ruling is free of legal error. Appellant did not present in his petition or in a response any

- 11 -

issue of fact, which, if resolved in his favor, would justify relief; nor did he identify witnesses and request an evidentiary hearing in either his petition or in a response to the PCRA court's Rule 907 notice. Thus, because Appellant's petition did not raise genuine issues of material fact, the PCRA court did not err in denying the petition without an evidentiary hearing. Pa.R.Crim.P. 909(B); *Simpson*, 66 A.3d at 260-261.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/16/2015